IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>VICTOR MEDERO-RUIZ,<br>Defendant. | CRIMINAL NO. 99-185-05 (FAB) |

PETITION FOR RETROACTIVE APPLICATION OF AMENDMENT
TO CRACK COCAINE GUIDELINE, FOR RESENTENCING, AND FOR
APPOINTMENT OF COUNSEL PURSUANT TO THE CRIMINAL JUSTICE ACT

TO THE HONORABLE COURT:

COMES NOW defendant Victor Medero Ruiz and, through his undersigned counsel, respectfully states and prays as follows:

1. The undersigned counsel represented defendant Medero-Ruiz in the above captioned matter through the issuance of the Court's Judgment [Dkt. 364] of September 6, 2002 (entered on docket on September 9, 2002). Mr. Medero-Ruiz did not pursue a direct appeal and there are no other pending proceedings regarding him defendant.

2. Mr. Medero-Ruiz has requested that we represent him in the preparation and submission of the instant motion to request that the Court retroactively apply to his case the crack amendment in the U.S. Sentencing Guidelines.

3. The undersigned hereby requests that the Honorable Court appoint us in this endeavor pursuant to the provisions of the Criminal Justice Act. Should the Court deny such request, we will continue to represent defendant *pro bono*. We are familiarized with this Court's Administrative Directive, Misc. No. 08-31 (JAF), In Re: Petitions for Retroactive Application of the Crack Cocaine Offense Level Guidelines.

United States v. Victor Medero Ruiz,
Criminal No. 99-185-05 (FAB)

## Case Information

This is a case that qualifies with all the requirements for retroactive application of the crack amendments. Mr. Medero-Ruiz entered into a <u>Plea Agreement</u> [Dkt. 310] with the United States pursuant to the provisions of Fed.R.Crim.P. 11(e)(1)(C),[1] wherein, in exchange for his plea of guilty to <u>Counts One</u> and <u>Two</u> of the Indictment, the following guideline computations and sentence recommendation were agreed to:

<u>Count One</u> (violation of 21 U.S.C. §§ 841(a)(1) and 846)

Base Offense Level (for purposes of sentencing, it was stipulated that defendant would be held responsible for at least 35 grams but less than 50 grams of cocaine base) ................. 30

Adjustments       (for acceptance of responsibility) ........................................ - 3

Total Adjusted Offense Level ............................................................................. 27

As indicated in the <u>Plea Agreement</u>, at ¶ 10:

"10. [...] Based on an offense level of twenty seven (27) and a criminal history category of I, the applicable sentencing guideline range is from seventy (70) to eighty-seven (87). **With respect to Count One, pursuant to Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure, the UNITED STATES and the Defendant agree that the appropriate disposition of this Count is a sentence of eighty-four (84) months.**"

<u>Plea Agreement</u> [Dkt. 310] at ¶ 10 (emphasis in original).

Count Two involved a violation of 18 U.S.C. § 924(c)(1)(A)(I). The Plea Agreement provided, at ¶ 11, as follows:

---

[1] Now Rule 11(c)(1)(C).

United States v. Victor Medero Ruiz,
Criminal No. 99-185-05 (FAB)

>    11.    With respect to Count Two, per Guideline Section 2K2.4(a)(2), and by stipulation of the parties pursuant to 18 U.S.C. § 924(c)(1)(A)(I), the parties agree that that the applicable guideline sentence is the mandatory minimum term of imprisonment of sixty (60) months. **This term of imprisonment will be consecutive to the sentence of eighty-four (84) months imposed in Count One. Thus, the Defendant will serve a total sentence of one hundred forty-four (144) months in this case and the UNITED STATES and the Defendant agree that the appropriate disposition of this case is a sentence of one hundred forty-four (144) months of imprisonment, pursuant to Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure.**"

Plea Agreement [Dkt. 310] at ¶ 11. (emphasis in original).

As can be observed, although an 11(e)(1)(C) plea, it was a guidelines-based plea agreement. The Sentence imposed by this Court was to eighty-four (84) months imprisonment as to Count One, based on the above calculations, and sixty (60) months imprisonment as to Count Two, said terms to be served consecutive to each other, for a total term of imprisonment of one hundred and forty-four (144) months. The Court also imposed a term of supervised release of four (4) years as to Count One and of three (3) years at to Count Two, said terms to be served concurrently with each other, as well as a Special Monetary Assessment of $200.00. See Judgment [Dkt. 364].

**Retroactive Application of the Reduced Crack Guideline**

The instant request deals with the eighty four (84) months sentence imposed by this Court as to Count One.  There is a mandatory minimum of sixty (60) months applicable to said sentence as to Count One.  The retroactive application of the crack amendment would result in a new Total Adjusted Offense Level of 25, which at Criminal

United States v. Victor Medero Ruiz,
Criminal No. 99-185-05 (FAB)

History Category ("CHC") I, would result in a Guideline Sentencing Range ("GSR") of 57 to 71 months, or 60 to 71 months taking into account the 60 months mandatory minimum which would become the lower end of the applicable guideline sentencing range.

The Court has discretion to impose a new sentence as to <u>Count One</u> within any point in said GSR of 60 to 71 months. We recognize that the initial sentence was not at the lower end of the applicable GSR, and that is something the Court may also take into account.

### **The Defendant**

Defendant is currently fifty-one (51) years old. He was a seller at the drug point involved in this case. According to the Bureau of Prisons website, Defednant Medero-Ruiz' **"projected release date" on his entire sentence is currently December 10, 2009.**[2] He is currently housed at the Federal Correctional Complex, Coleman Low,[3] Unit AZ, in Coleman, Florida. He has been in custody in relation to this case since his arrest on June 29, 1999. [Dkts. 10, 29 and 65].

Defendant, while incarcerated, has enjoyed good conduct, He has also been busy working and taking courses while in prison.

---

[2] Information obtained online by entering Defendant's Inmate Registration No. 17950-069 at BOP's Inmate Locator at http://www.bop.gov/iloc2/LocateInmate.jsp.

[3] The Federal Correctional Institution (FCI) - Low in Coleman is a low security facility housing male inmates. It is part of the Coleman Federal Correctional Complex.

United States v. Victor Medero Ruiz,
Criminal No. 99-185-05 (FAB)

### Remedy Requested

We are aware that pursuant to the Administrative Directive of this Court, a package will have to be prepared by the U.S. Probation Office and notified to the undersigned and to Supervisory Assistant U.S. Attorney Jeanette Mercado as well as the Court, and we do not mean to request that the Court take action before receiving such information. But, because we are already aware of the contents thereof, we understand we are in a position to make the following request: That the Court, after evaluating the package and either getting a stipulation between Government Counsel and Defendant or evaluating the package on it's own, grant defendant Victor Medero-Ruiz the 2 level reduction in the crack cocaine offense level, and resentence him as to Count One to the lower term of the newly recalculated GSR of 60-71 months.

WHEREFORE it is respectfully prayed that the Honorable Court:

    a.    Appoint the undersigned to represent defendant pursuant to the provisions of the Criminal Justice Act (if the Court will not appoint the undersigned, we will continue to represent defendant *pro bono*);

    b.    Refer this matter to the U.S. Probation Office for preparation of the package envisioned in the Court's Administrative Directive for submission to the parties, as well as to the Court;

    c.    Allow the undersigned sufficient time thereafter to consult with Supervisory Assistant U.S. Attorney Jeanette Mercado to see if this

United States v. Victor Medero Ruiz,
Criminal No. 99-185-05 (FAB)

>   matter can be resolved by stipulation; and

> d.  Grant the 2 level decrease in the offense level of defendant, thereby reducing the total adjusted offense level to Level 25, (with a CHC I), resulting in a GSR of 60-71 months, and that it resentence defendant at the lower end of the new GSR to 60 months.

RESPECTFULLY SUBMITTED.

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that all counsel of record were notified via said system. I have separately notified the same via email attachment to Assistant Deputy Chief Probation Officer Zulma Basora, at: zulma_basora@prp.uscourts.gov and to belinda_zayas@prp.uscourts.gov, Supervisory AUSA Jeanette Mercado, at Jeanette.Mercado@usdoj.gov, and AUSA José Ruiz, Chief, Criminal Division, at jose.ruiz3@usdoj.gov. And I have notiffied the same by regular mail to: Victor Medero-Ruiz, Reg. No. 17950-069, Federal Correctional Complex, Coleman Low Unit AZ, PO BOX 1031, Coleman, FL 33521-1031.

United States v. Victor Medero Ruiz,
Criminal No. 99-185-05 (FAB)

In San Juan, Puerto Rico, this 16th day of June, 2008.

*Counsel for Victor Medero-Ruiz:*

LAW OFFICES OF THOMAS R. LINCOLN
Post Office Box 363852
San Juan, PR 00936-3852
Tel. (787) 593-8803
Fax (787) 293-2062
tomlincoln@onelinkpr.net
lincolnlaw@gmail.com

/s/ *Thomas R. Lincoln*
Thomas R. Lincoln
USDC-PR 125509